**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **YERANDIS RODRIGUEZ VIERA,**<br>**Petitioner,**<br><br>**v.**<br><br>**J.L. JAMISON, JOHN E. RIFE, MARKWAYNE MULLIN, TODD BLANCHE,**<br>**Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO. 26-8167** |

**HODGE, J.** **November 18, 2026**

**MEMORANDUM**

## I. INTRODUCTION

Petitioner Yerandis Rodriguez Viera ("Petitioner" or "Mr. Rodriguez Viera") brings a petition for a writ of habeas corpus (ECF No. 1 (the "Petition")) pursuant to 28 U.S.C. § 2241. Respondents' opposition establishes that Petitioner is subject to a final removal order issued October 22, 2026. Petitioner does not suggest that the order is invalid and does not claim fear of returning to Spain. Given these facts, Mr. Rodriguez Viera's detention is governed by 8 U.S.C. § 1231, as he is subject to a final removal order and is being detained to effectuate his removal from the United States pursuant to that order. Accordingly, the appropriate question is whether Petitioner's detention has been prolonged beyond the period reasonably necessary to effectuate removal. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Because Mr. Rodriguez Viera's detention is still within the ninety-day removal period recognized in *Zadvydas*, the challenge to his detention under § 1231 is premature. Therefore, and for the reasons set forth below, the Petition is denied.[1]

[1] The Court may decide the issues raised in the Petition without a hearing, as other courts have done in similar cases. *See Ubaid v. Jamison*, No. 26-cv-2681, 2026 WL 1346670 (E.D. Pa. May 14, 2026); *Rodriguez Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025).

## II. BACKGROUND[2]

Mr. Rodriguez Viera, a native of Cuba and a citizen of Spain, entered the United States on April 19, 2023 pursuant to the Visa Waiver Program ("VWP").[3] (ECF No. 5 at 3; ECF No. 5-2 at 1; ECF No. 5-6 at 1.) He has been present in the United States since that time. (ECF No. 5 at 3; ECF No. 1 ¶ 1.) Under the VWP, Mr. Rodriguez Viera was permitted to remain in the United States for a ninety-day period ending on July 17, 2023. (ECF No. 5 at 3; ECF No. 5-2 at 2); *see also Bradley v. Att'y Gen. of U.S.*, 603 F.3d 235, 238 (3d Cir. 2010) ("Once admitted under the VWP, a visitor may remain in the United States for 90 days." (citing 8 U.S.C. § 1187(a)(1))). Mr. Rodriguez Viera remained in the country after July 17, 2023 without authorization. (ECF No. 1 ("Mr. Rodriguez Viera legally entered the United States four years ago pursuant to the Visa Waiver Program. He has not left the United States since then."); ECF No. 5 at 3 (noting that Petitioner currently lacks lawful immigration status).) Mr. Rodriguez Viera has a pending application for adjustment of status based on the Cuban Adjustment Act. (ECF No. 1 ¶ 3; ECF No. 5-2 at 2 ("RODRIGUEZ VIERA filed an I-485 . . . after he had overstayed his admission. That 485 has not been adjudicated by CIS and it is currently pending.").) Mr. Rodriguez Viera has no criminal history. (ECF No. 1 ¶ 4; ECF No. 5-2 at 2.)

On or about October 22, 2026, Immigration and Customs Enforcement ("ICE") agents arrested Mr. Rodriguez Viera at the Philadelphia International Airport when he returned from

---

2 The Court adopts the pagination supplied by the CM/ECF docketing system.

3 The VWP allows certain visitors to enter the United States without a visa. *See* 8 U.S.C. § 1187. "Under the VWP, a qualifying visitor may enter the United States without obtaining a visa, so long as a variety of statutory and regulatory requirements are met. Among other things, a visitor seeking admission under the VWP must execute certain immigration forms, present a passport from a qualifying country, and possess a round-trip ticket." *Bradley v. Att'y Gen. of U.S.*, 603 F.3d 235, 238 (3d Cir. 2010) (citing 8 U.S.C. § 1187(a)).

visiting family in Portland, Oregon.[4] (ECF No. 1 ¶ 5; ECF No. 5-2 at 2.) At the time of his arrest, Mr. Rodriguez Viera was provided a copy of the signed I-200 Warrant of Arrest. (ECF No. 5-2 at 2.) The same day, ICE issued a Notice of Intent to Issue a Final Administrative Removal Order ("Notice of Intent"), charging Petitioner as removable under 8 U.S.C. § 1227(a)(1)(B). (ECF No. 5 at 3; *see also* ECF No. 5-5.) The Notice of Intent has a checkmark next to the text "I admit the allegations and charge(s) in this Notice of Intent. I do not wish to request Asylum, Withholding or Deferral of Removal. I wish to be removed from the United States to my country of nationality, citizenship, or last residence." (ECF No. 5-5 at 2.) Beneath that, Petitioner's signature appears on a line labeled "Alien's Signature" beside the date of October 22, 2026. (*Id.*) ICE also executed the Final Administrative Removal Order and ordered Mr. Rodriguez Viera removed to Spain on October 22, 2026. (ECF No. 5 at 4; ECF No. 5-1.) Mr. Rodriguez Viera has been detained at the Federal Detention Center in Philadelphia since his arrest. (ECF No. 1 ¶¶ 5–6.)

On October 26, 2026, Mr. Rodriguez Viera filed the instant Petition. (ECF No. 1.) The Court ordered Respondents to respond to the Petition and not to transfer Petitioner outside the Eastern District of Pennsylvania. (ECF No. 2.) The Court also granted Petitioner leave to file a reply within three business days of Respondents' opposition. (*Id.*) On October 29, 2026, the parties submitted a joint stipulation to extend Respondents' response deadline while the parties attempted to reach a resolution of the case, which the Court promptly granted. (ECF No. 4.) Respondents

---

4 The Petition states that Mr. Rodriguez Viera was arrested on October 20, 2026 (ECF No. 1 ¶ 5), but Respondents' brief states that the arrest took place on October 22, 2026 (ECF No. 5 at 3). The Form I-213 Record of Deportable/Inadmissible Alien also states that the arrest occurred on October 22, 2026. (ECF No. 5-2 at 2.) Mr. Rodriguez Viera has not filed a reply or otherwise suggested that this record evidence is incorrect. The Court therefore considers the Petition with the understanding that Mr. Rodriguez Viera's arrest occurred on October 22, 2026.

filed their response on November 6, 2026. (ECF No. 5.) Mr. Rodriguez Viera did not file a reply. The Petition is therefore ripe for resolution.

## III. LEGAL STANDARD

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

## IV. DISCUSSION

Mr. Rodriguez Viera argues that he has been detained without a bond hearing in violation of his Fifth Amendment right to due process and the Administrative Procedure Act ("APA"). (ECF No. 1 ¶¶ 22–36.) Mr. Rodriguez Viera asserts that those who are admitted to the United States under the VWP and overstay their visas are entitled to bond hearings pursuant to 8 U.S.C. ¶ 1226(a). (*Id.* ¶ 27.) Respondents contend that because Petitioner has been issued a Final Administrative Removal Order, he is properly detained under 8 U.S.C. ¶ 1231(a), not ¶ 1226(a), and therefore is not entitled to a bond hearing. (ECF No. 5 at 2.) Respondents also aver that the Court lacks jurisdiction over this matter.

### A. 8 U.S.C. § 1252(g) Does Not Deprive the Court of Jurisdiction Over This Matter

Respondents argue this Court lacks jurisdiction to hear Mr. Rodriguez Viera's claims under 8 U.S.C. § 1252(g). (ECF No. 5 at 13.) Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g). However, as courts have repeatedly explained in opinions involving issues similar to those now before this Court, a challenge to unlawful detention does not

fall within the three categories over which § 1252(g) strips this Court of subject matter jurisdiction. *See Ubaid v. Jamison*, No. 26-cv-2681, 2026 WL 1346670, at *2 (E.D. Pa. May 14, 2026) (Younge, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *3–4 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Borges v. Soto*, No. 26-cv-08568, 2026 WL 2621022, at *1 (D.N.J. Sept. 4, 2026) (considering challenge to detention under § 1231 and explaining that federal courts' habeas jurisdiction extends to immigration-related detention). This Court adopts the reasoning of those decisions here.

**B. Mr. Rodriguez Viera's Habeas Petition Is Premature**

"In the deportation context, a final order of removal is a final order concluding that the alien is deportable or ordering deportation." *Nasrallah v. Barr*, 590 U.S. 573, 581 (2020) (citation modified) (quoting 8 U.S.C. § 1101(a)(47)(A)). In this case, the Final Administrative Order of Removal identifies Mr. Rodriguez Viera as a VWP violator and notes that the administrative record establishes by "clear and convincing" evidence that he is removable. (ECF No. 5-1.) The order further states that, when entering the United States as a nonimmigrant visitor under the VWP, Mr. Rodriguez Viera executed an entry form that explained the conditions of admission under the VWP and "waived any right to contest, other than on the basis of an application for asylum, any action for [his] removal." (*Id.*) Furthermore, the order notifies Mr. Rodriguez Viera that DHS will proceed with his removal from the country "unless a court order is issued to stay [his] removal or an application for asylum, withholding or deferral of removal is pending before the Department of Justice, Executive Office for Immigration Review." (*Id.*) The order is "final and not subject to administrative appeal." (*Id.*) Mr. Rodriguez Viera does not assert that he has a pending application

for asylum, withholding, or deferral of removal so the removal order is final and he is subject to the detention provisions in 8 U.S.C. § 1231.[5] *Borges*, 2026 WL 2621022, at *2.

The Fifth Amendment's Due Process Clause prevents the Government from depriving any person of life, liberty, or property, without due process of law. "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. Under 8 U.S.C. § 1231, except as otherwise provided in the section, when a noncitizen is ordered removed, the Attorney General shall remove them from the United States within ninety days ("the removal period"). 8 U.S.C. § 1231(a)(1)(A). Detention is mandatory during the removal period. *Zadvydas*, 533 U.S. at 683 ("After entry of a final removal order and during the 90–day removal period, however, [noncitizens] must be held in custody."). Certain inadmissible or criminal noncitizens may be detained beyond the removal period. 8 U.S.C. § 1231(a)(6). The final order of removal was issued on October 22, 2026 (ECF No. 5-1), so Mr. Rodriguez Viera's detention still falls within the ninety-day removal period. Thus, the challenge to his detention based on a violation of due process is premature. *See Borges*, 2026 WL 2621022 at *2; *see also Par v. Jamison*, No. 26-cv-3504, 2026 WL 1603299, at *3 (E.D. Pa. June 4, 2026) (Perez, J.) (denying habeas where petitioner's detention under § 1231 was "recent, statutorily authorized, and connected to a reinstated final removal order that he does not challenge"). Petitioner's APA claim similarly fails because he has not shown that

---

[5] Petitioner argues that § 1226(a) governs the detention of VWP violators who enter the United States and have not been convicted of a crime. The cases that Petitioner cites make clear, however, that § 1231 applies to the detention of VWP violators who, like Petitioner, are subject to a final order of removal. *See, e.g.*, *Romance v. Warden York Cnty. Prison*, 20-cv-00760, 2020 WL 6054933 at *4 (M.D. Pa. July 28, 2020) (finding that § 1226(a) applied to petitioner in part because he was *not* "subject to a final, executable order of removal that would subject him to detention under § 1231 because he [wa]s still in asylum proceedings"); *Emila N. v. Ahrendt*, No. 19-cv-5060, 2019 WL 1123227, at *3 (D.N.J. Mar. 12, 2019) (same).

his detention is improper under the APA given that he is detained pursuant to and in accordance with the provisions of § 1231. *See Herrera-Aguilar v. Mullin*, No. 26-cv-3626, 2026 WL 1819117, at *2 (E.D. Pa. June 24, 2026) (Marston, J.).

## V. CONCLUSION

For the foregoing reasons, the Petition is denied without prejudice. An appropriate Order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**